Good morning, Your Honor. It's always a pleasure to appear before this court in San Francisco. My name is John Kaufman. I represent Daniel Alvarez-Gutierrez. Your Honor, I always like to kind of perk my interest in a case by giving it a kind of subheading. This is my Mr. Ed case. And if you remember the famous jingle, a horse is a horse, of course, of course, unless it's the famous Mr. Ed. This is a case about a felony is a felony is a felony unless it's a misdemeanor. And I guess the question becomes then, when is a felony a misdemeanor? And I guess the decision When is a misdemeanor a felony? Or when is a misdemeanor a felony? Is a question of congressional intent by this court's prior decisions indicating that when Congress so designates it and the court treats it as a felony. We're here to decide whether a misdemeanor conviction from California for what's commonly known as a statutory rape could be considered or is considered a felony pursuant to the alien statutes and pursuant to 2L1.2B1A and 8 U.S.C. section 1101A43. Two subsections that were applied to this case, A and F. Let's talk about each one of them individually and quickly. A applies the There is no indication in A about any time requirement or any sentencing requirement or whether sentencing should be for at least a year or greater than a year. So what do you do with our cases and those of other circuits which have held, at least with respect to F or statutes like F, that even though traditionally a felony is more in a year, if this is a definitional section and the language just applies even though it's against the usual usage of the language. Under subsection A or subsection F? A. Let's start with A. Well, F, I'm confused about the government's position on F. They seem to be taking two positions about whether F applies here. But let's start with A. There are two basic cases, one from the 11th Circuit, one from the 7th Circuit, that have held that a misdemeanor conviction under subsection A for similar offenses should constitute Let's ask you about our case, Gonzales-Tamara's, whatever was said in Corona-Sanchez. There's at least one other case which says something about this. Not about this, but about whether we read, for some purposes at least, a felony to include misdemeanors. Gonzales-Tamara is concerned a battery misdemeanor conviction in Nevada. It's my understanding that the court determined that it was an act of violence pursuant to subsection F and not subsection A. But that's absolutely true. I'm asking why we would rule with respect to subsection A differently than we ruled with respect to subsection F. Because F particularly says that if a person gets a sentence of one year, and this court has indicated that there must be a one-year sentence, then the court looks at the decision about how it meets the definition of 18 U.S.C. section 16 A and B. It's not subsection A because under United States v. Taylor, it requires an element, an element of the offense to be a violent or some kind of violent offense. That must be an element. There is no element in this particular underlining statute of whether or not there was violence. This statute, the Nevada misdemeanor statute, concerns sexual, concerns consenting sexual conduct between a minor and an adult. The problem here, if you get into subsection A under 18 U.S.C. section 16, is in the courts that have made this decision in the past, the courts create kind of a judicial fiction of what violence is or what an element of violence is in this type of an offense. It's been a judicial determination. Why violence? Well, not all of these sections have violence, require violence, do they? Of 18 U.S.C. section 16 A? It doesn't say anything about violence or includes sexual abuse, right? I mean, any offense that has an element, the use, attempted use, threatened use of physical force, perhaps I, there is no physical force that's alleged here that my client has admitted to. What's happened by other jurisdictions and by this court is that the court has said that we're going to interpret this as a crime of violence because a minor can, fictionally, cannot give consent to this type of a conduct. Now you're talking, I'm really, you're confusing me. Are we talking about F now or A? Well, we're talking about, well, actually both, because it applies to both. What applies to both? The term aggravated felony in 43A says murder, rape or sexual abuse of a minor. It doesn't say anything about violence. But it doesn't correspond to any time period. Well, I know, but you know, we've got two different things. I was trying to find out where violence, the requirement of violence comes from. And as Judge Beresheim said, when they define aggravated felony, it doesn't only, it does not include only violent offenses. It includes theft. For instance, receipt of stolen property. That's correct. And when it does, Congress has specifically stated that. In subsections G, in subsection F, in S, in T. And in some of those offenses, they have to have at least one year sentence. Correct. In others, they don't have to have at least one year sentence. My position is that under A, it doesn't, it requires, under A, subsection A, then it must be a felony. This circuit has never decided that a misdemeanor under... Let's go back to my first question, all right? My question is, we have not decided specifically whether A is an aggravated felony. We have decided that F is an aggravated felony, even though it does not, by saying for which the term of imprisonment is at least one year, it includes some offenses that are traditionally called misdemeanors. When you have decided that under F, it has been always for a felony conviction. No. Or a misdemeanor conviction for which there is an element of threatened use of physical force. Right. That's not here. And it's not here unless you go back and you make a Blakely determination of whether force or physical force was used, because my client has always denied that. I'm supposed to have done it under G. Now, there you certainly don't need physical force. Correct. All right. So the term aggravated felony doesn't necessarily require physical force. Only if you're doing it under subsection F. I'm really having a hard time getting what I think is a very simple question. It's a very complicated issue. But the question I'm asking you is a simple one. All right? I, as you know, was in dissent in whatever the case is called. I didn't agree with it. All right? However, I'm bound by it. Gonzales to Morris. All right? If I'm bound by Gonzales to Morris, the simple question I want to ask you, is there any way that I could rule for you under A, not under F, given Gonzales to Morris, to fulfill my obligation to uphold the precedence of this court? All right? Let's put it that way. All right. How? Because Tamara's Gonzales was decided under F, not under A. I'm aware of that, but what is a distinction that makes a difference as opposed to one letter is A and the other one's F? Because the battery contained an element was the use or threatened use of physical force. Why is it that you have to have, for purposes of an aggravated felony, physical force? Where do you find that requirement? Only under F, not under A. Now we're under A. So why do we need physical force under A? Let's assume that F was never alleged in this case. All right? We can deal with the government about what F is doing here. Let's leave F out of it. Let's forget that F was ever even mentioned in this case. Let's just deal with A. All right? Why isn't, if it says the term aggravated felony means murder, rape or sexual abuse of a minor, it doesn't have any term, does our opinion in Gonzales to Morris mean that because it says the term aggravated felony means, that's the end of it? We don't consider the fact that there might be no term of imprisonment at all. As far as A is concerned. Well, I don't believe that Gonzales to Morris says that. What Gonzales to Morris says to me is that when Congress says a felony can be a misdemeanor, then Congress says it in the statute itself. And what you're basically saying is that in the subsections that have a term of years, then we read that as overriding the ordinary felony definition. That is correct. But if it has nothing in there, then we take felony to mean felony, because otherwise we'd be using the term felony to apply to a traffic ticket. We could be. I mean, if it were listed there. Right. If you have a Z that said traffic ticket, what would we do? If it says, obviously that would be congressional intent. I mean, when Congress makes it clear, Congress makes it clear. In A it doesn't make it clear whether it's felony or misdemeanor. Everything else it makes clear, but not in subsection A. One last, I know I'm over time, but one last little thought here about subsection A. Subsection A uses the term sexual abuse of a minor. This court, not Congress, has interpreted that sexual abuse of a minor can sometimes include a sexual act between consenting people, perhaps that's a bad word, if the minor is underage, because the minor underage cannot give consent. So, you know, if you're going to do it under A, or under the under F, using the threat of force, I think that's where Blakely would come in and require some kind of a hearing. If you'll understand the kind of makeup of the sentencing here, this is not a criminal history issue, this is an offense-level issue, and where the Supreme Court has said under criminal history categories, then there's not a Blakely issue, but there's an offense-level issue. But under offense-level categories, there certainly may be a Blakely issue. Thank you, counsel. It is a complicated issue. May it please the Court, my name is Bruce Ferg, assistant United States attorney on behalf of the government here. Actually, I would suggest to you, if we take it in order, it's not a terribly complicated issue. We simply have to walk through the steps which the guidelines and the statutes direct us to do. Are we talking about A or F now? That's what I want to get to first, yes. Basically, the district court did rely on both, but if we find A, then you don't need F. Your argument about F was completely confusing to me, because I thought you had conceded at one point, and at other points you were saying it applied. I really didn't understand it. Well, I don't want to spend a lot of time on that. Start with A. Let's get with A. Basically, what we have is the guideline definition taking us back to the statute, U.S. Code 1101A43. And 43 says the term aggravated felony means. It is specifically saying this is how you are to use these words. These are the kinds of offenses which constitute aggravated felonies. So if, for example, Z said going through a red light for which the crime, for which the fine, the only punishment was a fine, that would be an aggravated, that would be a felony, even though no ordinary person would ever use the term felony to refer to a crime. Exactly. It would be lousy policy, but it would be an expression of congressional intent. And if sexual abuse of a minor in certain circumstances was subject only to, you know, supervised release, it would still be counted as a felony. Yes, ma'am. And that's essentially what the other circuits had found, and in effect what Gonzales-Tamiris says. There have certainly been a significant number of dissenters, both as to F and as to A, saying that there are limits to the ability of Congress to make up words, to assume that Congress is using a word other than, you know, so far off its usual meaning. I mean, it's one thing to say, well, instead of a year and a day, which is the usual, we'll make it a year, that maybe Congress can redefine. But if they say nothing about a time period, so that we're going down to zero for a term that has a very long history, we're nonetheless to assume that Congress did not mean anything by using the word felony. They could have used zzz or some complete gobbledygook. Well, I'm not sure that's a fair characterization because there are various ways for the Congress to express its intent. Sometimes it can specifically use a period of time limitation, as it did in some of the subdivisions of 43. But as I believe as the 11th Circuit pointed out, when it says aggravated felony means under A sexual abuse of a minor without any kind of limitation, the most reasonable understanding of that is that it's without a time period limitation. Why would they call it an aggravated felony, then? Why would they call it a felony? I mean, I can accept that the term felony is a common law idea that depends on a certain length of sentence, and they can fiddle with that length of sentence a little. So they fiddled with it by a day, essentially. But to say that they can call something a felony as to which there might be no imprisonment at all and that that would be English language? Well, does Congress speak English? That's a good question. But basically it is a term of art. That's what Gonzales-Tamara's majority, which was upheld, you know, pre-hearing and bank was denied, and so it's binding on us and on this Court, simply says it's a term of art. It's what Congress said that it means. And so without limitation on the period, sexual abuse of a minor, because of the kind of consequences that are involved, it was classified with these other very major offenses. And so basically that's our position, is that Gonzales-Tamara's, which interestingly enough was dealing with another Nevada gross misdemeanor, which is exactly what we have here, although it was not the same crime. It was one that fit under F, not under A, and therefore one in which Congress had focused on the question of the length of imprisonment that it had in mind and had essentially overridden the usual understanding. Here they have not done that. Well, I believe that they have. By the failure to limit it, the indication is that it does not suppose to have a limit. And once we see this, and again, this is really consistent with what the prior history of this Court's decisions and Robles, Rodriguez, and Corona-Sanchez were all saying, although it was not specifically with regard to Fee v. A. Well, in the sense that it is what Congress says it is. And I can understand, particularly as an English major, how this rather peculiar usage grates, but the bottom line is that this is what they've told us it means, and this is what I believe, particularly with denial of rehearing in bank, this Court is bound to accept, that for 43A, for sexual abuse of a minor, that does constitute an aggravated felony. And I would point out that aside from the issue of whether a misdemeanor can be an aggravated felony, the defendant in this case has not controverted or objected to the application of 43A. He has not disputed that, in fact ---- Yes, he says it has to be a felony. He argues it, page 11 in these briefs. Right. But aside from saying it has to be a felony, he has not objected to the fact that his conduct as to what he pled guilty to in this case is sexual abuse of a minor. In Gonzales to Mars, for example, they quote and rely on the Fifth Circuit, which said that whatever the wisdom of Congress's decision to alter the historic one-year line between a misdemeanor and a felony, the statute is unambiguous and it's sweet. In other words, it's essentially what I was saying before, that they can move the historic one-year line, you know, a day. But can they just eliminate it altogether and say there's nothing at all that makes a felony having anything to do with the term of imprisonment? I think theoretically ---- I mean, they can do it. I'm not saying can they. Should we assume they did it? They certainly can do it. Should we read a statute that way? This is one of those hypotheticals which is difficult because what we're dealing with, sexual abuse of a minor, by its very nature, suggests something which society finds is very significant misbehavior. Well, it's aggravated. But is it a felony is the question. Well, it did, in effect, what you were suggesting would be permissible, move it by one day. This was a crime which was susceptible to a sentence of 12 months, which is just short of the traditional more than one year felony definition. And so that's what he was subject to and that's what he received. All right. Can I ask you just briefly? Could you explain to me what your position is about F because I don't understand it. Basically, again, it's a matter of walking through what the statute says. 1101F says a crime of violence as defined in Section 16, for which the term of imprisonment is at least one year. Twelve months is at least one year, so we meet that. So what do we find in Section 16? We acknowledge that the statutory seduction Nevada statute does not have an element of violence. It's not an A, and B says it has to be a felony. So don't you lose? And didn't you say you lost? I thought you even said that you lost because of that at one point. And then you seem to go on and argue at F for that. Because F specifically defines it in terms of a term of imprisonment of at least one year, and otherwise we incorporate. But first it has to be a crime of violence. And a crime of violence here says it has to be any other offense that is a felony. There's nothing in 16 that redefines felony, so it's the ordinary use of felony. Except that it's F which is incorporating it. And so you would basically say it must be a felony, but it needn't be a traditional felony. And so by the fact that F is incorporating it but saying that it's a felony. That's not even so anyway, because for which the term of imprisonment is at least one year can also be the actual term of imprisonment. In other words, it has to be a felony, and then he has to actually be sentenced to at least one year. There's nothing incoherent about that. Well, I see a potential overlap and a potential conflict, and that's why we felt that it was susceptible to be properly being applied under both. But as I say, these are really alternative grounds. And the district court found against you on that, right? Yes. All right. Thank you. Case just argued will be submitted. The final case of the morning is Dempster v. Good morning. Michael Haddad appearing for the petitioner.
judges: Reinhardt, Thompson, Berzon